The undersigned concurs in the holding of the majority in this matter. In particular, I agree with the majority that it is inappropriate for a deputy commissioner to award bad faith damages to the plaintiff in a workers' compensation claim. The Workers' Compensation Act provides authority to assess the costs of the proceedings, including attorneys' fees, against a party who brings an unreasonable claim under N.C. Gen. Stat. § 97-88.1.
The parties voluntarily mediated this matter on June 27, 2003, which resulted in an impasse. At the May 7, 2004 hearing in this matter, Deputy Commissioner Glenn allowed testimony in evidence of the amounts offered by defendants for settlement at mediation. This clearly violated N.C. Gen. Stat. § 7A-38.1(l), Rule 408 of the North Carolina Rules of Evidence, and Rule 3(f) of the Industrial Commission Mediated Settlement Conferences Rules. I believe that this is a violation of the basic tenets of mediation and presents a huge threat to the mediation process with which the Industrial Commission has found great success. For mediation to remain a safe haven for parties to explore settlement options, it is incumbent on the participants as well as hearing officers to maintain the dignity of the process.
Accordingly, I concur with the decision of the majority.
This the ____ day of______, 2006.
 S/_________________ BUCK LATTIMORE CHAIRMAN